11 KNOLL, Justice,
dissenting.
I respectfully disagree that defendant, Jarrell Neal, is entitled to post-conviction counsel under the circumstances of this case, and dissent for the following reasons.
Louisiana Revised Statute § 15:149.1 states:
In a capital case in which the trial counsel was provided to an indigent defendant and in which the jury imposed the death penalty, the court, after imposition of the sentence of death, shall appoint the Indigent Defense Assistance Board, which shall promptly cause to have enrolled counsel to represent the defendant on direct appeal and in any state post-conviction proceedings, if appropriate. (Emphasis added).
La.Rev.Stat. § 15:149.1 (2003). An examination of the legislative history of this statute reveals that the concluding phrase of this statute grants to the trial court the discretion to determine whether an appointment of counsel is appropriate. See House Bill No. 2035 of the 1999 Regular Session and accompanying minutes.
In the present case, the trial court ruled:
Although defendant raises the following issues, he has failed to brief them. Instead defendant seeks appointed counsel. Defendant has made no showing that he is entitled to appointed counsel. Further in failing to provide even a minimum attempt to discuss a single issue, he has abandoned the issues by failing to brief them. Accordingly, it is ordered by the court that defendant’s Application for Post Conviction Relief be and the same is hereby denied. (Emphasis added).
The trial court in its discretion found that defendant made no showing that he is entitled to counsel and determined that the appointment of counsel in this case was not appropriate. I find defendant has failed to established that the trial court abused its discretion and the trial court’s ruling should stand.
I recognize that the sentence of death is the ultimate punishment for a crime and that strict adherence to our law is required before this ultimate sentence will be enforced. This Court and the United States Supreme Court highly scrutinize these cases and we are quick to reverse and remand these cases for the slightest prejudicial error because the sentence is death. By the same token, these cases must be brought to a final conclusion in the post-conviction stages if the sentence of death is to have any deterrent effect. In my view, most of the deterrent effect of the death sentence is lost in the languid delays caused by the manipulation of post-conviction proceedings which is contrary to the purpose of these proceedings.
The United States Supreme Court has recognized the importance of finality in state capital cases. McCleskey v. Zant, 499 U.S. 467, 491, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991), reh’g denied, 501 U.S. 1224, 111 S.Ct. 2841, 115 L.Ed.2d 1010 (1991); Reed v. Ross, 468 U.S. 1, 10, 104 *1073 S.Ct. 2901, 82 L.Ed.2d 1 (1984); Engle v. Isaac, 456 U.S. 107, 127, 102 S.Ct. 1558, 71 L.Ed.2d 788 (1982), reh’g denied, 456 U.S. 1001, 102 S.Ct. 2286, 73 L.Ed.2d 1296 (1982), and reh’g denied, 457 U.S. 1141, 102 S.Ct. 2976, 73 L.Ed.2d 1361 (1982); Murray v. Carrier, 477 U.S. 478, 487, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986); In re Blodgett, 502 U.S. 236, 239, 112 S.Ct. 674, 116 L.Ed.2d 669 (1992); Gomez v. United States Dist. Ct. for Northern Dist. of Cal., 503 U.S. 653, 654, 112 S.Ct. 1652, 118 L.Ed.2d 293 (1992); Sawyer v. Whitley, 505 U.S. 333, 338, 112 S.Ct. 2514, 120 L.Ed.2d 269 (1992), reh’g denied, 505 U.S. 1244, 113 S.Ct. 21, 120 L.Ed.2d 948 (1992). “Without finality, the criminal law is deprived of much of its deterrent effect.” Teague v. Lane, 489 U.S. 288, 309, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), reh’g denied, 490 U.S. 1031, 109 S.Ct. 1771, 104 L.Ed.2d 206 (1989); McCleskey, 499 U.S. at 491, 111 S.Ct. 1454. The Supreme Court has held that “[p]erpetual disrespect for the finality of convictions disparages the entire criminal justice system.” McCleskey, 499 U.S. at 492, 111 S.Ct. 1454.
A procedural system which permits an endless repetition of inquiry into facts and law in a vain search for ultimate certitude implies a lack of confidence about the possibilities of justice that cannot but war with the effectiveness of underlying substantive commands. .. .There comes a point where a procedural system which leaves matters perpetually open no longer reflects humane concern but merely anxiety and a desire for immobility.
McCleskey, 499 U.S. at 492, 111 S.Ct. 1454. Likewise, the Supreme Court does “not in the least condone, but instead condemn, any efforts on the part of habeas petitioners to delay their filings until the last minute with a view to obtaining a stay because the district court will lack time to give them the necessary consideration before. the scheduled execution.” Sawyer, 505 U.S. at 341, n. 7, 112 S.Ct. 2514; Gomez, 503 U.S. at 654, 112 S.Ct. 1652. “Equity must take into consideration the State’s strong interest in proceeding with its judgment and [defendant’s] obvious attempt at manipulation.” Gomez, 503 U.S. at 654, 112 S.Ct. 1652.
With this recognition of the importance of finality, the Supreme Court began to reign in the use of writs of habeas corpus. Wainwright v. Sykes, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), reh’g denied, 434 U.S. 880, 98 S.Ct. 241, 54 L.Ed.2d 163 (1977); Kuhlmann v. Wilson, 477 U.S. 436, 106 S.Ct. 2616, 91 L.Ed.2d 364 (1986); McCleskey, 499 U.S. at 493, 111 S.Ct. 1454; Murray, 477 U.S. at 478, 106 S.Ct. 2639, Once known as the Great Writ, habeas petitions lost their infinitum quality with the development by the Supreme Court of its procedural default jurisprudence, Murray, 477 U.S. at 478, 106 S.Ct. 2678, and abuse of the writ jurisprudence, McCleskey, 499 U.S. at 493, 111 S.Ct. 1454. “[T]he doctrines of procedural default and abuse of the writ are both designed to lessen the injury to a State that results through reexamination of a state conviction on a ground that the State did not have the opportunity to address at a prior, appropriate time; and both doctrines seek to vindicate the State’s interest in the finality of its criminal judgments.” McCleskey, 499 U.S. at 493, 111 S.Ct. 1454.
Following the Supreme Court’s lead, the Federal government enacted in 1996 the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. §§ 2261 et seq., which envisioned a “quid pro quo arrangement under which states are accorded stronger finality rules on federal habeas review in return for strengthening the right to counsel for indigent capital defendants.” Wright v. Angelone, 944 F.Supp. 460, 463 (E.D.Va.1996); see also, Death Row Prisoners of *1074 Pennsylvania v. Ridge, 948 F.Supp. 1258 (E.D.Pa.1996). Those states that enact statutes or rules meeting the requirements set forth in 28 U.S.C. § 2261, which require the appointment of counsel and the apportionment of funds to indigent capital defendants, are entitled to the stronger finality rules on federal habeas review contained in 28 U.S.C. § 2263, which imposes a strict time limitation on state capital defendants for the filing of post-conviction habeas proceedings in federal court. 28 U.S.C. §§ 2261 and 2263 (2003).
In 1999, the Louisiana State Legislature enacted La. R.S. 15:149.1 and La. R.S. 15:152.1(E), which provide indigent capital defendants with the statutory right to counsel and funding in post-conviction proceedings, if appropriate. La.Rev.Stat. §§ 15:149.1 and 15:152.1(E) (2003). The Legislature enacted these provisions in an effort to make post-conviction procedures more efficient and effective and to move these capital cases expeditiously through the courts. See Minutes of House Committee on Administration of Criminal Justice Meeting on April 29, 1999.
The United States Supreme Court, the federal government, and the Louisiana State Legislature have recognized the need for and importance of finality in state capital cases and have taken action to assist state courts in reaching that finality in a more efficient and effective manner so as to lessen the delay in the execution of judgments.
With these prefatory comments in mind, I find it significant that the defendant in the present case admits to filing a pro se application for post-conviction relief solely to delay the tolling of the federal statute of limitation for the filing of post-conviction habeas petitions. Indeed, in his brief defendant states:
It has become the practice to assist indigent inmates who wish to avail themselves of their statutory right to counsel with the filing of a pro se application for post-conviction relief. This application asserts constitutional error upon information and belief, as well as the further need to research, investigate, and present all facts supporting particularized claims to the state courts. Petitioner is aware that he is incapable of filing a fully researched, investigated, and particularized petition without an attorney. (Emphasis added)
Defendant does not make allegations that would entitle him to relief in post-conviction proceedings. Notably, the trial court found defendant failed “... to provide even a minimum attempt to discuss a single issue ...” and that defendant abandoned the issues by failing to even brief them. Moreover, defendant made no showing that he was entitled to appointed counsel. Under these circumstances, I fail to see how the trial court can be found to have abused its discretion in not appointing defendant counsel for processing his post-conviction proceeding.
Defendant’s ploy stands in direct conflict with the efforts of the Legislature to expedite capital proceedings. His pro se application serves no other purpose than to delay. This delay tactic exacts further costs on the courts, Schneckloth v. Bustamonte, 412 U.S. 218, 260, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973)(Powell, J., concurring), and provides incentive to litigants to withhold claims for manipulative purposes, Reed, 468 U.S. at 13, 104 S.Ct. 2901; Wainwright, 433 U.S. at 89, 97 S.Ct. 2497.
Although this Court has approved and arguably encouraged this “practice” by capital defendants in post-conviction proceedings,[1] I strongly believe that this *1075 "practice” is in direct contravention of the purpose behind the enactment of La. R.S. 15:149.1 and 15:152.1 and serves to defeat the efforts taken by the Legislature to meet society’s need for efficiency and finality in capital cases, and most importantly, lessens the detrimental effect of capital punishment.
This defendant has “had a total and complete appeal of his double [first-degree] murder convictions, which this Court affirmed,” State v. Neal, 00-0674 (La.6/29/01), 796 So.2d 649, and the United States Supreme Court denied certiorari, Neal v. Louisiana, 535 U.S. 940, 122 S.Ct. 1323, 152 L.Ed.2d 231 (2002), reh’g denied, 535 U.S. 1075, 122 S.Ct. 1957, 152 L.Ed.2d 859 (2002). Roy, 703 So.2d at 590-91 (Knoll, J., dissenting). Accordingly, I would deny defendant’s writ and reinstate the trial court’s ruling, finding that defendant failed to establish the trial court abused its discretion.

. See State ex rel. Hampton v. State, 00-2523 (La.8/31/01), 795 So.2d 1198 (vacating district *1075 court's judgment denying defendant's application for post-conviction relief and directing district court “to give counsel reasonable opportunity to prepare and litigate expeditiously an application for post-conviction relief”); State v. Hoffman, 00-1609 (La.6/14/00), 768 So.2d 592 (directing district court to recall warrant of execution and to "immediately notify the Louisiana Indigent Defense Assistance Board and provide the Board with reasonable time in which: (1) to enroll counsel to represent the defendant in any state post-conviction proceedings, if appropriate, pursuant to its authority under La.Rev.Stat. 15:149.1; and (2) to litigate expeditiously the claims raised in that original application, if filed, in state courts”), cert. denied, 531 U.S. 946, 121 S.Ct. 345, 148 L.Ed.2d 277 (2000); State ex rel. Robertson v. State, 00-1059 (La.4/26/00), 760 So.2d 1163 (vacating district court's judgment denying defendant’s application for post-conviction relief and directing district court "to immediately conduct a hearing, with the Louisiana Indigent Defense Assistance Board for the purpose of appointment of counsel”); Tyler v. State, 99-2459 (La.8/25/99), 746 So.2d 1291 (staying defendant’s execution and ordering district court “to refer this matter to the Louisiana Indigent Defense Assistance Board for appointment of counsel”); State v. Koon, 98-1214 (La.5/6/98), 710 So.2d 240 (ordering district court "to stay ... execution, appoint counsel for [defendant], and set a reasonable time for counsel to file an application for post conviction relief, if appropriate”)(Traylor and Knoll, JJ., vote to deny); State ex rel. Roy v. State, 97-2466 (La.10/10/97), 703 So.2d 590 (ordering district court "to stay ... execution, appoint counsel for [defendant], and set a reasonable time for counsel to file an application for post conviction relief, if appropriate”) (Traylor and Knoll, JJ., dissenting).